I respectfully dissent from the Amended Opinion and Award entered on May 7, 2003 by the majority, which was filed without the opportunity to dissent. I do not agree with the Amended Opinion and Award for several reasons. First, plaintiff has not presented evidence of pulmonary impairment to support the awards pursuant to § 97-31(24). Second, pleura is not an important organ, separate and apart from the lung. Third, the majority has improvidently applied the theory of equitable estoppel to this case.
 § 97-31(24) AWARD IS NOT WARRANTED
I disagree with the majority's award of § 97-31(24) benefits. As stated in the prior dissenting and concurring opinion filed in conjunction with the original Opinion and Award filed on February 24, 2003, plaintiff has not established impairment to his lungs from asbestos exposure to justify an award pursuant to § 97-31(24). Plaintiff was examined by Dr. Bernstein and Dr. Curseen by his choice, and was examined by Dr. Pape in accordance with the Act. Each of these physicians performed pulmonary function testing on plaintiff and reported obstructive defects consistent with plaintiff's life-long history of asthma, which is unrelated to asbestos. The pulmonary function testing does not reveal any restrictive component or other impairment that would be associated with asbestos-related disease. Thus, there is no competent evidence to support an award for permanent impairment to the lungs pursuant to §97-31(24).
Both the American Medical Association and the American Thoracic Society suggest that a proper diagnosis of "asbestosis" include restrictive abnormality on pulmonary function studies. The American Thoracic Society suggests a "restrictive pattern of lung impairment with a forced vital capacity below the lower limit of normal" and/or a "diffusing capacity below the lower level of normal." The Diagnosis of Nonmalignant DiseasesRelated to Asbestos, (American Thoracic Society, American Lung Association 1986). Plaintiff, fortunately, has not demonstrated that his exposure to asbestos has caused an impairment to the functioning of his lungs, thus, there is no basis to award for "the loss of or permanent injury" to the lungs. Although plaintiff is not required to establish disability in order to recover under § 97-31, he must prove that the injury or disease caused by exposure to asbestos produced some loss of function of the important organ. There is no competent evidence to support this conclusion.
 PLEURAE ARE NOT IMPORTANT ORGANS SEPARATE FROM THE LUNGS
I further disagree with the majority's attempt to separate the "pleurae" from the "lungs." These bodies of tissue are interrelated and are one body part, not two separate and distinct organs. The lung consists of many different forms of tissue, including, but not limited to the three lobes, bronchiole, alveoli, pleura, and lymph nodes. Although I agree that each lung is a separate organ and to award, in the proper case, up to $20,000 for each lung, I do not agree with the majority's separation of the lung from one of its component tissues. There is little question that the function of a lung that renders it to be an "important organ" entitled to reimbursement under § 97-31(24) is its activity at the center of the respiratory system. The pleura, however, does not have an important function, which separates it from the other tissue of the lung. The pleura is the tissue that surrounds the lobes of the lung and separates it from the thorax. The function of the pleura is to allow the lobes to expand and constrict with each breath. The lubricating fluid between the two layers of the pleura allows the lung to move without friction from the surrounding bodies of the thorax. There is no medical evidence of record, nor any relevant medical authorities, that would suggest that the pleura has a function separate and independent from the lung to allow a separate award as a separate important organ. Further, there is no competent medical evidence in this case to support the award of damages for the pleura that is separate and apart from the alleged damage to the lung. The most significant lung disease associated with exposure to asbestos is mesothelioma, which is cancer of the tissue of the pleura. Similarly, pleurisy, which is an inflammation of the pleura, is commonly referred to as a lung disease. Diseases of the pleura are medically accepted as forms of lung disease because the pleura are medically recognized to be part of the lung. Therefore, the pleurae should not be treated differently by the Commission.
 EQUITABLE ESTOPPEL
The greater weight of the evidence before the Commission fails to support the majority's Findings of Fact Nos. 14, 15, and 16. In addition, these findings are conditional findings based on assumptions not supported by the evidence. These "findings" come solely from the argument made in a different case. Plaintiff, in the instant case, did not testify that he relied upon representations to him that defendant's surveillance program was equal to the State's Dusty Trade monitoring program. Further, there is no evidence that defendant was or would have been declared a "dusty trade."
In addition, plaintiff has presented his case in full and in his motion for reconsideration did not ask to reopen the record. The evidence now before the Commission does not allow us to infer the facts necessary to apply an estoppel theory. While the Full Commission is the ultimate finder of fact and the Rules of Evidence are not strictly applied, the circumstances of this case do not dictate the relitigation of the merits of the case. There is no allegation of new evidence or improper conduct that could not have been reasonably discovered prior to the original Full Commission February 24, 2003, Opinion and Award. Reopening the evidentiary record under the circumstances is contrary to the principles of judicial economy, fairness, and finality.
Without medical evidence in the record that plaintiff had diagnosable asbestosis while working for defendant and that defendant prevented the State from declaring it a "dusty trade" subject to the mandatory monitoring requirements,[1] there is no basis to apply an estoppel theory. There is no evidence, available for review, to suggest that plaintiff exhibited signs of asbestosis when he retired on January 1, 1997, or at any other times while defendant employed him. Rather, to the contrary, plaintiff testified that he did not retire due to breathing problems. Plaintiff retired due to macular degeneration and resulting problems with vision. There is no suggestion in this case that plaintiff's eye problems are associated with asbestos exposures. Plaintiff further testified that he suffered from asthma all his life and that his breathing is "not bad." Further, there is no evidence to show that Weyerhaeuser convinced the State to exclude it from the dusty trades monitoring. The deposition of William Stephenson confirms that Weyerhaeuser acted appropriately in sending films to the State Board of Health and that the actions of Weyerhaeuser did not prevent the Industrial Commission from declaring Weyerhaeuser a dusty trade. Thus, there is no basis to apply the estoppel doctrine under the evidence in this case.
 ***********
For the reasons stated in this Supplemental Dissenting Opinion, together with those stated in my prior concurring and dissenting opinion filed on February 24, 2003, in this case, I respectfully dissent from the holding of the majority in their Amended Opinion and Award.
 S/_______________ DIANNE C. SELLERS COMMISSIONER
[1] The determination of whether an employer is a "dusty trade" is made by the State, not by the employer. There is no evidence that the State has declared Weyerhaeuser to be a "dusty trade" subject to the mandatory requirements of the dusty trade program. The deposition of Mr. Stephenson, former Chairman of the Industrial Commission, shows that Weyerhaeuser acted appropriately and that Weyerhaeuser did not prevent the Industrial Commission from naming it as a dusty trade employer.